UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHEPALI BEGUM,**

    **Plaintiff,**

v.

    Civil Action 2:24-cv-1784
    Judge Michael H. Watson
    Magistrate Judge Elizabeth P. Deavers

**UNITED STATES DEPARTMENT
OF STATE,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court to consider Defendants' motion to stay discovery. (ECF No. 20.) Plaintiff has responded. (ECF No. 21.) Defendants have not filed a reply and the time for doing so now has passed. For the following reasons, the motion is **GRANTED, in part**, and **DENIED without prejudice, in part**.

### I.

Briefly, the Complaint, filed on April 16, 2024, alleges the following. Plaintiff is a lawful permanent resident of the United States, residing in Columbus, Ohio. She filed a visa petition on behalf of her son, a Bangladesh citizen on August 19, 2019. (ECF No. 1 at ¶¶ 1, 2, 10, 12-13.) On July 15, 2020, United States Citizenship and Immigration Services purportedly approved the visa petition and sent it on for processing. (*Id.* at ¶¶15, 16.) A consular officer interviewed Plaintiff's son on February 5, 2024, but no decision has been issued. (*Id.* at ¶17.) According to Plaintiff, Defendants have intentionally delayed a response to the visa application pursuant to the Controlled Application Review and Resolution Program ("CARRP"), a program the adoption of which she alleges violates, *inter alia*, the Administrative Procedures Act

("APA") and certain constitutional provisions. Plaintiff also asserts a due process claim. Plaintiff seeks declaratory, injunctive, and mandamus relief.

Defendants have moved to dismiss, arguing that the doctrine of consular nonreviewability bars judicial review of Plaintiff's Complaint. Further, they argue that Plaintiff's constitutional claim should be dismissed because Plaintiff does not have a right for her son to live in the United States. Additionally, they assert that, even if the Court considers Plaintiff's APA claim, it should be dismissed because Plaintiff cannot allege facts demonstrating that Defendants have unlawfully withheld or unreasonably delayed the adjudication of the beneficiary's visa application. Defendants also assert that Plaintiff's CARRP claims are unfounded.

Defendants have filed their current motion requesting that the Court stay discovery pending the resolution of their motion to dismiss. They additionally request that, in the event Plaintiff's claims survive the motion to dismiss, the Court limit any factual development to the administrative record. Plaintiff's succinct response appears to be primarily addressed to the latter issue.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary

questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

### III.

Applying the above factors, the Court concludes that, under the particular circumstances of this case, it is a better exercise of its broad discretion to temporarily stay discovery pending resolution of the motion to dismiss. Admittedly, this Court repeatedly has held that a garden-variety motion to dismiss under Rule 12(b)(6) ordinarily is insufficient to warrant a stay of discovery.[1] The Court considers each case on its own merit, however, including the nature of the issues in dispute. Here, while resolution of the pending dispositive motion could dispose of this action, even short of that, the resolution could clarify the issues presented. Thus, from a pragmatic perspective, a temporary stay pending such resolution could preserve both judicial and counsel's resources.

Moreover, this case is in its initial stages. For this reason, the Court cannot conceive how Plaintiff will be unduly prejudiced or tactically disadvantaged by a short stay designed to simplify the discovery process. Importantly, Plaintiff offers no argument on this point. And, Plaintiff does not suggest that she lacks the information necessary to properly respond to the motions to dismiss. Indeed, she filed her response to that motion prior to Defendants' having filed their motion to stay. (*See* ECF No. 14.)

---

[1] Contrary to the representations in Defendants' motion, it is an overstatement to suggest that "district courts within this Circuit routinely stay or otherwise limit discovery …." (ECF No. 20 at 1, citing *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, No. 10-1788, 2020 WL 2216944, at *3 (E.D. Cal. May 7, 2020); *Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*, No. 19-cv-927-JLS-JEM, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019); *Driscoll's, Inc. v. California Berry Cultivars, LLC*, No. 19-493, 2019 WL 4822413, at *1 (E.D. Cal. Oct. 1, 2019); *Commerce &Indus. Ins. Co. v. Durofix, Inc.*, No. 16-111, 2018 WL 8332535, at *2 (D. Haw. May 30, 2018)).) This Court, of course, cannot speak to the routine actions of district courts in the Ninth Circuit.

At the same time, the Court sees no reason to address at this juncture the other issue raised by Defendants' current motion.  That is, to the extent Defendants request that the Court not only stay discovery, but pre-emptively limit any eventual discovery to the administrative record, the Court will not resolve that issue on the current record.  That issue would be addressed more appropriately, as necessary, following a ruling on the motion to dismiss.

## IV.

For these reasons, Defendants' motion is **GRANTED, in part,** to the extent that the Court **TEMPORARILY STAYS** discovery pending resolution of the motion to dismiss. To the extent Defendants request that the Court pre-emptively limit discovery to the administrative record, Defendants' motion is **DENIED, in part, without prejudice** to the ability to raise the issue, as necessary, following resolution of the motion to dismiss.

**IT IS SO ORDERED.**

Date:  November 22, 2024 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE